# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3955

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Miguel Sanchez, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

———————

Submitted: October 6, 2000
Filed: October 12, 2000

———————

Before BEAM, FAGG, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Miguel Sanchez appeals the 120-month sentence imposed following his guilty plea to participating in a drug-trafficking conspiracy in violation of 21 U.S.C. § 846. Sanchez argues the district court[1] erred in assigning two criminal history points under U.S.S.G. § 4A1.1(b) based on a prior 1989 California drug conviction. He argues the conviction should have been assigned only one point under U.S.S.G. § 4A1.1(c) because, although the California judgment reflected a three-year probation sentence

———————

[1]The HONORABLE THOMAS M. SHANAHAN, United States District Judge for the District of Nebraska.

with the first 180 days to be served in jail, he was in fact released from custody at sentencing, having served only 45 days of pretrial detention.

At sentencing, the district court determined that Sanchez's Guidelines sentencing range was 97 to 121 months, assigning two criminal-history points to the California conviction. The court then determined that Sanchez was not eligible for safety-valve relief under 18 U.S.C. § 3553(f) -- a determination Sanchez does not contest on appeal -- and sentenced him to the mandatory minimum of 120 months in prison. Because the § 4A1.1 issue Sanchez raises on appeal would not affect his mandatory minimum sentence, we do not consider the merits of that issue. See United States v. Jackson, 64 F.3d 1213, 1220 (8th Cir. 1995), cert. denied, 516 U.S. 1137 (1996).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.